IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Michael L. PACK, | : | |
|     Plainitiff | : | |
| | : | |
| v. | : | CIVIL NO. L-05-3081 |
| | : | |
| | : | |
| Martin O'MALLEY, | : | |
|     Defendant | | |

**MEMORANDUM**

Now pending is Defendant Martin O'Malley's Motion to Dismiss. Because the issues have been fully briefed, a hearing is unnecessary. See Local Rule 105.6 (D. Md. 2004). For the reasons stated herein, the Court will, by separate Order, GRANT O'Malley's Motion and DISMISS Pack's case.

**I.     INTRODUCTION**

Pack is a frequent pro se litigant in federal and state court.[1] This case involves two suits that Pack recently filed against former Mayor of Baltimore, now Governor, Martin O'Malley. Pack first filed suit on October 3, 2005. In it, Pack contends that the City of Baltimore violated his constitutional rights by selectively enforcing the liquor laws against him.[2] See Civil No. L-05-2734. On November 7, 2005, the Court dismissed L-05-2734 for failing to state a claim.

---

[1]     Since 1995, Pack has filed at least twenty-one lawsuits in this Court, and at least seven in Baltimore City and Baltimore County. Assistant Solicitor Steven J. Potter, who represents O'Malley in this suit, puts the figure closer to seventy.

[2]     In a one-page, handwritten complaint, Pack claimed that on September 18, 2005, he was given a criminal citation for carrying an open container of beer. He conceded his guilt, but complained that, on October 2, 2005, he and others with open cans of beer were not cited outside M&T Stadium while tailgating before a Baltimore Ravens football game.

On November 14, Pack filed this suit, L-05-3081, where he contends that the City disproportionately enforces the liquor laws against him and other African Americans.[3] On February 2, 2006, the Court instructed O'Malley to respond. O'Malley did so by moving to dismiss on March 28.[4] On April 6, Pack filed his reply.

Because Pack is pro se, and because his papers are difficult to read, on November 21, 2006, the Court ordered Pack to submit written answers to seven questions that were designed to help clarify his claims. The questions were as follows:

   1) On what date(s) have you been cited for open container violation(s)?

   2) Do you contend that you are factually innocent of the violation(s)?

   3) On what date(s) have you been cited for DUI, DWI, or other drunk-driving laws?

   4) Do you contend that you are factually innocent of those violation(s)?

   5) What specifically is your evidence that the City is selectively enforcing the alcohol laws against African Americans?

   6) What is your evidence that selective enforcement is a policy or practice of the Baltimore City Police Department and/or the City of Baltimore?

   7) What is your evidence that Mayor O'Malley is personally involved in the alleged selective enforcement?

On December 5, 2006, Pack submitted his response. It consists of a hodgepodge of handwritten notes, newspaper articles, the September 18, 2005 citation, a court date notice, print-outs from the MADD website, and photographs.

---

[3]   The Court construes Pack's complaint as a lawsuit brought under 42 U.S.C.§ 1983 to remedy an equal protection violation.

[4]   O'Malley's motion raised a number of threshold procedural issues, including that neither the Mayor nor the City of Baltimore may be held liable for the actions of the Baltimore Police because the Department is a state, as opposed to a municipal, agency. See Mot. to Dismiss at 5-6 (Docket No. 10)

On December 21, 2006, O'Malley, through Assistant Solicitor Potter, filed a Renewed Motion to Dismiss. The Court, having concluded that Pack's suit is frivolous, will, in a separate Order, grant the motion and dismiss Pack's case with prejudice.

## II.   FACTUAL SUMMARY

The Court will synthesize the information provided by Pack and Potter with respect to the Court's questions.

Questions 1 and 2 asked Pack for the date(s) on which he had been cited for open container violation(s), and whether he contended that he was innocent of those charges. Pack responded that he had been cited on October 27, 2005. Pack contends that he is factually innocent of the citation. He also states that he may have been cited five to ten years earlier.

Potter's review of state court records reveals that on September 18, 2005, Pack was cited for "Drinking in Public Places." Balt. City Code, Art 19, § 14-2(a). He was also cited for selling cigarettes without a license. Md. Code Ann. Bus. Reg. Art. § 16-308. On October 27, 2005, the charges were *nolle prossed*, meaning that the State declined to prosecute.

Although Pack contends that he is innocent of the open container citation, he already conceded his factual guilt in L-05-2734. He does not address the cigarette citation.

Questions 3 and 4 asked whether Pack had ever been charged with DUI or DWI, and whether he was innocent of those charges.[5] He does not answer the question. Instead, Pack attaches miscellaneous newspaper articles about various public figures who have been convicted

---

[5] Pack faults the Baltimore Police for not setting up DUI check-points after Ravens games. Pack may allege that the Baltimore Police disproportionately enforce Maryland's drunk-driving laws against African Americans. He has never been charged with DWI or DUI, however. Because but no such law was ever applied to him, Pack has no standing to sue on this issue. See Lujon v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (requiring "personal and individual" harm for standing).

of DUI or DWI.  Potter did not uncover a DUI or DWI citation issued to Pack.

Questions 5 and 6 asked Pack for his basis for alleging that the City is selectively enforcing the alcohol laws against African Americans, and for alleging that selective enforcement is a policy or practice of the City and/or the Police Department.

Pack states that the Baltimore City police fail to enforce the open container laws at tailgating parties held before and after Baltimore Ravens football games.  These "tailgates" occur in the parking areas near Ravens stadium in downtown Baltimore.

Pack avers that 99% of tailgaters are white.  He attaches several pictures of Ravens fans carrying open containers of beer.  He claims that it was discriminatory for the City to cite him (an African American) in 2005, but not to cite the tailgaters (99% white) at Ravens games.  In L-05-2734, however, Pack stated that he and others carried open containers at a Ravens game, but were not cited.

Question 7 asked Pack for his basis for alleging that former Mayor O'Malley was personally involved in selectively enforcing the liquor laws.  Pack offers no evidence that O'Malley was involved in any decision to enforce the open container laws against blacks but not whites.  He only submits an editorial that mentions O'Malley's 1987 DUI conviction, an article that mentions former police commissioner Edward Norris's corruption conviction, and articles documenting alleged crimes committed by Baltimore police officers.  None of the articles deal with selective enforcement of the open container laws.

### III.   ANALYSIS

Because Pack is a pro se litigant, the Court has accorded his complaint a generous construction.  See Haines v. Kerner 404 U.S. 519, 520 (1972).  Nevertheless, it must be dismissed for its frivolousness and for its failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(i) &

(ii).

To make out a selective prosecution case, Pack must allege that (1) the decision to prosecute him was invidious or in bad faith, and that (2) other similarly situated individuals of a different race were not prosecuted.  See  United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996) (citing United States v. Greenwood, 796 F.2d 49, 52 (4th Cir. 1986)).

Because the state *nolle prossed* Pack's open container charge, he cannot allege that his prosecution was improperly motivated.  Nor can Pack allege that law enforcement turned a blind eye to the offenses of similarly situated persons.  Ravens fans who tailgate in large numbers before 2006 home games are not similarly situated to Pack, drinking by himself, in 2005.  There is no allegation that blacks are cited at tailgates, while whites are not.  Other than his citation, Pack offers no proof of selective enforcement.

Before Ravens home games, parking lots and designated parking areas attract a large number of fans, who tailgate.  As Pack has observed, the police have apparently decided to relax enforcement of the open container laws in those areas.  This amounts to non-enforcement.  Non-enforcement is not selective enforcement.  See Esmail v. Macrane, 53 F.3d 176, 178 (7th Cir. 1995) ("simply failing to prosecute all known lawbreakers...has no standing in equal protection law").  Accordingly, the Court will dismiss Pack's case with prejudice.

**IV.   CONCLUSION**

For the reasons stated, and by separate order, the Court will GRANT O'Malley's Motion and will DISMISS Pack's case.

Dated this 16th day of February 2007.

_____/s/_____
Benson Everett Legg
Chief Judge